IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS M. McCARTHY,

                                                                                   OPINION AND ORDER

             Plaintiff,

                                                                                      15-cv-312-bbc

     v.

THOMAS J. VILSACK,
Secretary, U.S. Department of Agriculture,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Thomas McCarthy has filed a complaint in which he alleges that defendant Thomas Vilsack "discriminate[d]" against him by failing to interview him for positions in the Department of Agriculture. Plaintiff does not identify in his complaint what type of discrimination he believes occurred or the law or laws that he believes defendant violated. Instead, plaintiff refers generally to 74-pages of documents that are attached to the complaint. In addition, plaintiff alleges that a counselor at the Equal Employment Opportunity office "stonewalled" his administrative complaint when he filed it in 2013.

      Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Dkt. #10. With respect to plaintiff's allegations regarding not being interviewed, defendant does not challenge the sufficiency of plaintiff's allegations of discrimination, but instead argues that plaintiff did not properly exhaust his administrative remedies. With respect to plaintiff's allegations about the EEO

1

counselor, defendant argues that the alleged conduct does not violate the law.

Also before the court are two motions filed by plaintiff. In his "motion for judgment and settlement," plaintiff says that defendant missed his deadline for responding to the summons and complaint, so he asks the court to award him his requested relief. Dkt. #9. In his "request to modify remedy," plaintiff asks the court to award "13 years back pay and 13 years credited towards retirement." Dkt. #15.

I am denying plaintiff's motion for judgment because defendant responded to the summons and complaint within the 60-day deadline for doing so. I am denying defendant's motion to dismiss with respect to plaintiff's claims that defendant discriminated against him by failing to interview him for two jobs because it is not clear from the complaint or its attachments that plaintiff failed to meet an administrative deadline. I am granting defendant's motion to dismiss with respect to plaintiff's allegations against the EEO counselor because there is no cause of action for the conduct plaintiff alleges. Finally, I am granting plaintiff's request to modify his requested relief. I will treat the filing at docket no. 15 as an addendum to the complaint.

OPINION

A. Plaintiff's Motion for Default Judgment

On October 13, 2015, plaintiff filed his "motion for judgment and settlement," dkt. #9, which I construe as a motion to enter default judgment against defendant. Plaintiff says that he is entitled to judgment because defendant missed his deadline for responding to the

summons and complaint.

Under Fed. R. Civ. P. 12(a)(2), a federal officer must respond to a complaint within 60 days after service on the United States attorney. In this case, plaintiff served his complaint on the United States attorney on August 21, 2015, dkt,. #8-1, and defendant filed his motion to dismiss on October 19, 2015, dkt. #10, which was within the 60-day deadline. Accordingly, I am denying plaintiff's motion for a default judgment.

B. Defendant's Motion to Dismiss

1. Failure to interview

Plaintiff alleges that defendant discriminated against him by failing to interview him for two "loan specialist" positions, one in Wisconsin and one in Minnesota. Plaintiff also refers to a position for "area director" for which he *did* receive an interview in 2010. Although plaintiff does not say whether he was hired, he does not allege that defendant discriminated against him with respect to the area director position. Further, he does not respond to defendant's argument that the complaint should not be construed as raising a claim regarding the area director position, so I will not discuss it further.

With respect to plaintiff's claims regarding the loan specialist positions, defendant relies on the attachments to plaintiff's complaint to construe the complaint as raising claims for race, sex and age discrimination under Title VII of the Civil Act and the Age Discrimination in Employment Act. Plaintiff does not dispute this characterization of the complaint in his opposition brief, so that is how I will construe the complaint as well.

3

Defendant argues that plaintiff's discrimination claims should be dismissed because plaintiff did not comply with 29 C.F.R. § 1614.105(a)(1), which requires a plaintiff bringing a Title VII claim or ADEA claim against a federal agency to contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Courts in this circuit must "bar claims if the forty-five day requirement is not satisfied and there is no occasion for equitable tolling." Lapka v. Chertoff, 517 F.3d 974, 981 (7th Cir. 2008).

A failure to comply with the preconditions for filing a discrimination lawsuit is an affirmative defense. Salas v. Wisconsin Dept. of Corrections, 493 F.3d 913, 921 (7th Cir. 2007). Ordinarily, this means that the defense cannot be raised in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Yassan v. J.P. Morgan Chase and Co., 708 F.3d 963, 975-76 (7th Cir. 2013). However, an exception to this rule exists when the plaintiff's own allegations in his complaint or the documents attached to the complaint show that the defendant is entitled to the affirmative defense. O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015) ("[A]lthough a plaintiff need not anticipate or overcome affirmative defenses . . . , if a plaintiff alleges facts sufficient to establish a . . . defense, the district court may dismiss the complaint on that ground."); Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir. 2005) (plaintiff "may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment").

In this case, defendant relies on documents attached to the complaint in an attempt

4

to show that plaintiff did not contact an EEO counselor within the 45-day deadline. In particular, he cites letters dated April 6, 2011, and April 21, 2011, in which the Department of Agriculture informed plaintiff that it "anticipate[d] making a selection [regarding which candidates would be interviewed for loan specialist positions] within 45 days." Dkt. #1-1 at 3. Defendant then cites a letter from plaintiff to "Civil Rights USDA-Rural Development" dated September 5, 2013, in which plaintiff says that he wants to "start a complaint" regarding defendant's failure to interview him for the loan specialist positions. Id. at 1. In addition, defendant cites an administrative decision of the department in which September 6, 2013 is identified as the date on which plaintiff "initiated informal EEO counseling." Id. at 23.

At the pleading stage, these documents are not sufficient to show that defendant is entitled to judgment. First, plaintiff does not concede in his September 2013 letter that the letter was his first contact with an EEO counselor. Although it appears that the agency found in its decision that plaintiff did not initiate contact until September 2013, defendant does not argue that the agency's findings must be given preclusive effect in this court, and I cannot assume that plaintiff agrees with the agency's finding. Carroll v. Yates, 362 F.3d 984, 986 (7th Cir. 2004) (by attaching administrative decision to complaint, plaintiff is not vouching for accuracy of conclusions in that decision).

Second, defendant does not point to any allegations or documents attached to the complaint showing when the agency actually made its decision regarding which candidates to interview. Because 29 C.F.R. § 1614.105(a)(1) gives a complainant 45 days from the

5

"date of the matter alleged to be discriminatory" to contact a counselor, it is the date that defendant chose not to interview plaintiff that is controlling. The letters defendant cites indicate when the agency *anticipated* it would make a decision. However, defendant cites no authority suggesting that the agency was required to make a decision by the anticipated date. Thus, even if I assume that plaintiff did not contact the EEO counselor until September 2013, I cannot say as matter of law that plaintiff failed to comply with § 1614.105(1)(a).

Accordingly, I am denying defendant's motion to dismiss with respect to plaintiff's claims regarding defendant's failure to interview him. If defendant believes that he can show that plaintiff failed to meet an administrative deadline and is not entitled to tolling, defendant may have until February 8, 2016 to file an early motion for summary judgment devoted solely to that issue.

2. Mistreatment during the administrative proceedings

Plaintiff includes the following paragraph in his complaint: "I also encountered a counselor named Renee Brown at the Equal Employment Opportunity Office of the USDA-Rural Development in Washington, D.C. who just stonewalled my complaint in the initial phase of my complaint in 2013 and early 2014. I had to make a complaint against her and that agency too." To the extent that plaintiff intends to bring a separate claim for an alleged failure to handle his administrative complaint properly, I agree with defendant that plaintiff has failed to state a claim upon which relief my be granted. There is no cause of action in

6

this context for the way an agency processes a complaint. Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000) ("Jordan's failure-to-process claim does not state a claim upon which relief can be granted, and Customs is entitled to judgment as a matter of law."). "If a party is not happy with the result he received from the [agency], he is free to file a discrimination lawsuit in federal court, which is what plaintiff did." Stewart v. Shinseki, No. 12-cv-337-bbc, 2012 WL 2328213, at *2 (W.D. Wis. June 19, 2012). If plaintiff believes that the agency's conduct hindered his ability to meet administrative deadlines, he is free to make that argument at the summary judgment stage as a reason for rejecting any arguments by defendant that the case should be dismissed for plaintiff's failure to meet one or more of those deadlines.

ORDER

IT IS ORDERED that

1. Plaintiff Thomas McCarthy's motion for a default judgment, dkt. #9, is DENIED.

2. Plaintiff's motion to modify his request for relief, dkt. #15, is GRANTED. Plaintiff's motion will be treated as an addendum to plaintiff's complaint.

3. Defendant Thomas Vilsack's motion to dismiss, dkt. #10, is GRANTED with respect to plaintiff's claim that defendant mishandled his administrative complaint. The motion is DENIED with respect to plaintiff's claims that defendant discriminated against him by refusing to interview him for two loan specialist positions.

4. Defendant may have until February 8, 2016, to file an early motion for summary

judgment devoted solely to the issue whether plaintiff complied with the administrative prerequisites for his claims. Filing such a motion does not affect the parties' rights to file a separate motion for summary judgment on other issues. However, the parties should not anticipate that the court will extend the April 15, 2016 deadline for filing dispositive motions if a decision on an early motion for summary judgment is pending then.

Entered this 5th day of January, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge