IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS M. McCARTHY,

                OPINION AND ORDER

        Plaintiff,

                15-cv-312-bbc

   v.

THOMAS J. VILSACK,
Secretary, U.S. Department of Agriculture,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Pro se plaintiff Thomas McCarthy is proceeding on claims that the government declined to interview him for two "loan specialist" positions in 2011 because of his race, sex and age, in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. Defendant Thomas J. Vilsack has moved for summary judgment on the ground that plaintiff failed to comply with 29 C.F.R. § 1614.105(a)(1), which requires a plaintiff bringing a Title VII claim or ADEA claim against a federal agency to contact an Equal Employment Opportunity counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." Courts in this circuit must "bar claims if the forty-five day requirement is not satisfied and there is no occasion for equitable tolling." Lapka v. Chertoff, 517 F.3d 974, 981 (7th Cir. 2008).

    It is undisputed that defendant selected other candidates for the two positions in June

2011 and that within several days defendant sent notices to plaintiff that he was not selected for either position. Dft.'s PFOF ¶¶ 13-14, ¶¶ 19-20, dkt. #20. It is also undisputed that plaintiff did not contact an agency counselor about his complaint of discrimination until September 2013, approximately two years after the 45-day deadline. Id. at ¶ 22.

Plaintiff does not deny that he received notice of the relevant decisions in June 2011. Instead, he says that he did not make timely contact with a counselor because he did not conclude that the 2011 decisions were discriminatory until 2013. In particular, plaintiff says that he learned in 2013 that Brian Deaner, his former supervisor at the Department of Agriculture, was stationed in St. Paul, Minnesota, the location of one of the loan specialist positions, in 2011. Apparently, plaintiff believes that Deaner held discriminatory views against him, though he does not explain the basis for that belief. I understand plaintiff's position to be that he is entitled to equitable tolling because of his late discovery regarding Deaner.

There are multiple problems with plaintiff's argument. To begin with, one of the positions at issue was located in Wisconsin, not Minnesota. Plaintiff does not identify any reason why Deaner would have been involved in the decision for the Wisconsin position. In fact, plaintiff does not identify any specific grounds for believing that Deaner was involved in the hiring decision for *either* position. Plaintiff says that "Minnesota may have sought advice from some other source like my old Area Director Brian Deaner," dkt. #26 and 2, but he does not provide any basis for that belief.

In any event, a party is not entitled to equitable tolling unless he shows that he was

2

unable to discover evidence of his claim despite the exercise of due diligence. Sidney Hillman Health Center of Rochester v. Abbott Labs., Inc., 782 F.3d 922, 930-31 (7th Cir. 2015). Even if I assume that plaintiff's discovery of information about Deaner was relevant to plaintiff's claim, plaintiff has not made any showing that he could not have uncovered the information about Deaner much sooner than he did. Plaintiff does not allege that Deaner's position was hidden from public view. More generally, plaintiff does not identify any actions he took before 2013 to investigate a potential discrimination claim. Accordingly, I cannot find that plaintiff was exercising due diligence.

Most of plaintiff's brief is devoted to issues regarding the merits of his claims, but, under Lapka, 517 F.3d at 981, I cannot consider those arguments because plaintiff did not comply with the administrative deadline in 29 C.F.R. § 1614.105(a)(1). Accordingly, I am granting defendant's motion for summary judgment.

Also pending before the court is plaintiff's "motion for relief from the court and affidavit," dkt. #27, which is related to discovery disputes. Because plaintiff's motion has nothing to do with his failure to comply with § 1615.105(a)(1), I am denying the motion as moot in light of my decision to grant defendant's motion for summary judgment.

ORDER

IT IS ORDERED that

1. Defendant Thomas J. Vilsack's motion for summary judgment, dkt. #18, is GRANTED on the ground that plaintiff Thomas McCarthy failed to comply with the

administrative deadline in 29 C.F.R. § 1614.105(a)(1).

2. Plaintiff's "motion for relief from the court and affidavit," dkt. #27, is DENIED as moot.

3. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 14th day of March, 2016.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge