IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS M. McCARTHY,

                          Plaintiff,

v.

THOMAS J. VILSACK,
Secretary, U.S. Department of Agriculture,

                          Defendant.

ORDER

15-cv-312-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Thomas McCarthy brought this lawsuit against defendant Thomas Vilsack in which he alleged that the U.S. Department of Agriculture discriminated against him because of his race, sex and age when the agency failed to interview him for two positions, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  In an order dated March 14, 2016, dkt. #31, I granted defendant's motion for summary judgment.  The only issues I decided were that plaintiff had failed to comply with the 45-day deadline to contact an Equal Employment Opportunity counselor, 29 C.F.R. § 1614.105(a)(1), and that plaintiff failed to show that he was entitled to equitable tolling.  Lapka v. Chertoff, 517 F.3d 974, 981 (7th Cir. 2008) (court must "bar claims if the forty-five day requirement is not satisfied and there is no occasion for equitable tolling").

      Now plaintiff has filed two motions that are ready for review: (1) a "motion for

1

summary judgment based on new information," dkt. #33; and (2) a "motion for reconsideration," dkt. #34. Because plaintiff filed both of these motions after judgment was entered, dkt. #32, I will construe both of them as requests under Fed. R. Civ. P. 59(e) to alter or amend the judgment.

Plaintiff does not argue that I erred in finding that he did not comply with the deadline in § 1614.105(a)(1). He raises new arguments in support of a view that he should be excused from the deadline, but it is too late to do that. Sigsworth v. City of Aurora, Illinois, 487 F.3d 506, 511-12 (7th Cir. 2007) ("[I]t is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment.").

In any event, plaintiff's new arguments are not persuasive. First, he says that 29 C.F.R. § 1614.105(a)(2) allows individuals to contact a counselor after the 45-day deadline. That is true, but the exception applies only

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2). See also Shropshear v. Corp. Counsel of City of Chicago, 275 F.3d 593, 595 (7th Cir. 2001)("Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim.").

Plaintiff does not deny that he was aware of the time limits. Instead, he says that he was not aware of potential discrimination until July 2013, when he learned that he had been rated "Best Qualified" for the positions to which he applied. (He does not identify the person or entity that gave him the rating.) This argument fails because plaintiff overlooks a key part of the provision, which requires him to show that he could not have discovered that information earlier with reasonable effort. Plaintiff has not shown that he was prevented from learning his rating before July 2013. In fact, plaintiff admits that he discovered his rating by reading old emails that defendant had sent him. Dkt. #34 at 3. In other words, plaintiff seems to be admitting that he had the information he needed earlier; he simply failed to look at it. That does not qualify as reasonable effort.

Further, it is undisputed that plaintiff did not contact a counselor until September 2013. Plaintiff does not provide any justification for waiting another two months after he learned the information about his rating. He says that making a complaint will "mean a mountain of resistance from" the agency, dkt. #34 at 3, but he cites no evidence to support that allegation. Even if it were true, agency "resistance" is not a ground in the regulation for extending the deadline.

Most of plaintiff's remaining arguments are devoted to an attempt to show that defendant discriminated against him. However, as noted above, I did not consider the merits of plaintiff's claims; I granted defendant's motion because plaintiff had failed to comply with § 1614.105. Under Lapka, 517 F.3d at 981, even if I agreed with plaintiff that he had strong evidence of discrimination, I could not consider that evidence in light of his

3

failure to contact a counselor within the deadline.

Finally, plaintiff criticizes the agency for failing to investigate his complaint. Again, because plaintiff's complaint was untimely, the agency was not required to consider the merits of plaintiff's claims.

ORDER

IT IS ORDERED that plaintiff Thomas McCarthy's motions, dkt. ##33 and 34, are DENIED.

Entered this 21st day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge